# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5736 | **DATE** | 3/21/2013 |
| **CASE TITLE** | Reza vs. Costco Wholesale Corporation | | |

**DOCKET ENTRY TEXT**

Continued hearing held on Plaintiff's Motion to Withdraw as Attorney [21]. For the reasons stated on the record and summarized below, the Motion [21] is denied without prejudice. Continued hearing held on Defendant's Motion to Compel Plaintiff to Supplement Her Discovery Responses [19]. For the reasons stated on the record and summarized below, that Motion [19] is granted in part and denied in part. Status hearing set for 4/18/13 at 10:00 a.m. See Statement below for further details.

■[ For further details see text below.]  Notices mailed by Judicial staff.

00:45

## STATEMENT

### Plaintiff's Motion to Withdraw as Attorney

Counsel bears the burden of showing he or she should be allowed to withdraw as the attorney of record for a client. *Stafford v. Mesnick,* 63 F.3d 1445, 1448 (7th Cir. 1995); *Woodall v. The Drake Hotel,* 913 F.2d 447, 449 (7th Cir. 1990); *Smith v. City of Milwaukee*, 2012 WL 340339 (E.D. Wis. Aug. 7, 2012). An attorney seeking to withdraw as counsel of record must establish either that his client consents or that a valid and compelling reason exists to allow the court to grant the motion over an objection. *Id.*

Plaintiff's Motion to Withdraw [21] was docketed on January 17, 2013, the same day that the Court heard argument and granted in part Plaintiff's Motion to Compel [10, 23]. Counsel avers in his Motion that he has "encountered issues in communicating with the Plaintiff so as to irreconcilably impair counsel's ability to represent her." [Dkt.#21] at 1. This is the sort of boilerplate recitation that has been held to be insufficient to support a lawyer's motion to withdraw from representing a client he previously agreed to represent, and has been actively representing, in a pending case. *Smith v. City of Milwaukee*, 2012 WL 340339*1.

During this morning's hearing, Plaintiff Reza said that she objects to counsel withdrawing from this case until she has been able to obtain substitute counsel. Plaintiff has been attempting to obtain substitute counsel for a little over one month, plus or minus, so far without success. At this time, therefore, the Court interprets Plaintiff's position as being short of consent that her counsel should be allowed to withdraw right now.

Accordingly, the Court denies without prejudice counsel's Motion to Withdraw as Attorney [21] at this time.

### Defendant's Motion to Compel Plaintiff to Supplement Her Discovery Responses

## STATEMENT

Defendant filed its Motion to Compel [19] on January 16, 2013, just one day before Plaintiff's counsel filed his Motion to Withdraw [21]. Defendant's Motion has been entered and continued several times [24, 25, 28] as the Court has had under advisement counsel's Motion to Withdraw and Plaintiff has been attempting to obtain substitute counsel.

As the Court stated during this morning's hearing, it is not inclined to delay ruling on Defendant's Motion to Compel any longer as this case must proceed, one way or another, through discovery and toward an eventual resolution. Moreover, it is at least possible that resolving the log-jam with respect to the documents that Defendant seeks in its Motion to Compel also conceivably could ameliorate an issue that might exist between Plaintiff and her counsel concerning the relevance of the documents sought by Defendant in its Motion to Compel. At least that was the sense that the Court had from counsel's comments during the hearing on the Motion to Withdraw.

In any event, for the reasons stated in detail on the record, Defendant's Motion to Compel [19] is granted in part and denied in part. The Court declines to order Plaintiff to execute a HIPAA waiver that would authorize the release of Plaintiff's medical records relating to her work-related injury on or about June 4, 2011, and her related workers compensation claim. The Motion to Compel is granted, however, to the extent that Plaintiff must produce on or before April 11, 2013, insofar as she has not already done so, all documents in her possession, custody or control relating to her worker's compensation claim and the injury[ies] she allegedly suffered while working for Defendant on or about June 4, 2011, which documents are sought by Defendant's Request for Production No. 17. This includes Plaintiff's medical records through today's date relating to her alleged injury and workers compensation claim. The Court considers those records to be within Plaintiff's possession, custody or control. Nothing in this order precludes Plaintiff from signing a HIPPAA waiver to authorize her doctor(s) to provide these documents to Defendant should Plaintiff choose to do so.

These documents are relevant or potentially could lead to the discovery of admissible evidence within the meaning of Fed.R.Civ.P. 26. Among other things, Defendant contends that Plaintiff left work on June 11, 2011, after her alleged workplace injury and never returned. Plaintiff contends that she could not return to work because of the harassment she was suffering at the hand of her supervisor and that she was constructively terminated from her job at Defendant's Clybourn Avenue store in or about July 2011 because of that harassment. Complaint [Dkt#1] at ¶¶ 25, 26]. The nature and extent of Plaintiff's alleged workplace injury, communications concerning that injury, and other documents relating to it thus are relevant to Plaintiff's constructive discharge claim and her claims for compensatory damages, including back pay and front pay.

Defendant's request for attorneys' fees in its Motion to Compel is denied.

### Production of Attorneys'-Eyes Only Documents

As noted above, the Court previously granted Plaintiff's Motion to Compel [10, 23]. In doing so, however, the Court ordered that certain documents relating to Plaintiff's supervisor be produced on an Attorneys'-Eyes Only ("AEO") basis [23]. The Court entered the parties' proposed protective order with an AEO designation on February 25, 2103 [27]. The Court then stayed the requirement that Defendant produce the AEO documents while counsel's Motion to Withdraw [21] was pending.

Having ruled on the Motion to Withdraw, the Court now lifts the stay on production of the AEO documents and orders that those documents be produced to Plaintiff's counsel. Although Plaintiff's counsel stated that he intends to renew his Motion to Withdraw at an early opportunity, the Court sees no reason to further

| STATEMENT |
|---|

delay Defendant's production of the AEO documents. If Plaintiff obtains new counsel, he or she can take possession of these documents. If Plaintiff does not obtain new counsel and her existing counsel is allowed to exit the case at some point, the Court then can address whether these documents should be produced to Plaintiff under a Confidential designation.

### Discovery Stay

The Court stayed discovery at the parties' request pending a ruling on the Motion to Withdraw [24]. Although the Court now has ruled on the Motion to Withdraw, Plaintiff's counsel stated at this morning's hearing that he intends to renew that Motion at the earliest opportunity. Accordingly, the discovery stay will remain in effect except with respect to Plaintiff's compliance with the Court's order above concerning Defendant's Motion to Compel. This matter is set for a further status hearing on April 18, 2013, at 10:00 a.m. The Court will set revised discovery dates at that time.

It is so ordered.