# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5736 | **DATE** | 6/24/2013 |
| **CASE TITLE** | Reza vs. Costco Wholesale Corporation | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Attorney Representation [43] and Application for Leave to Proceed In Forma Pauperis [44] are denied. This case is set for status on 7/9/13 at 10:30 a.m. At that time, the Court intends to re-set the discovery schedule in this case so that the case moves forward toward resolution by trial, dispositive motion or settlement. In addition, for the reasons stated in the Court's Opinion dated 3/21/13, Plaintiff shall produce by 7/9/13, if she has not already done so, the documents relating to her worker's compensation claim and any injuries she allegedly suffered while working for Defendant on 6/4/11, which documents are sought by Defendant's Request for Production 17 [*See* Dkt.#34.] The Court also will address on 7/9/13 the matter of the production of certain documents produced by Defendant as Attorney's Eyes Only [*Id.*] See Statement for further details.

■[ For further details see Statement below.]    Notices mailed by Judicial staff.

# STATEMENT

This matter is before the Court on Plaintiff's Motion for Attorney Representation and Application for Leave to Proceed In Forma Pauperis. In a civil case, the court has the discretion to recruit counsel to represent a litigant who is unable to afford one. 28 U.S.C. § 1915(e)(1). In *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007), the Seventh Circuit refined the standards for evaluating whether to recruit counsel. If a plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." 503 F.3d at 655. The Seventh Circuit explained that the district court should take account of all evidence in the record relevant to the plaintiff's capacity to litigate when ruling on a motion to recruit counsel. *Id.*

At first blush, looking only at the Motion for Attorney Representation and Application for Leave to Proceed In Forma Pauperis, it may appear that Plaintiff is someone for whom the Court should recruit counsel given that: (1) she has sought to obtain legal counsel on her own to no avail; (2) she declares that her ability to speak, write, and/or read English is limited because English is not her primary language; and (3) her financial affidavit shows that she is unemployed, a person of limited means, and appears to be unable to afford an attorney.

On the other hand, it is unclear from Plaintiff's Motion for Attorney Representation [Dkt.#43] that Plaintiff has exhausted the possibility of finding an attorney to represent her on a contingency fee basis. Her Motion states only that she has spoken to lawyers who "cannot do cases on contingency" [*Id.*] and she cannot afford to pay them. Accordingly, there may be lawyers who are willing to take Plaintiff's case on a contingency basis. In any event, however, the papers Plaintiff submitted do not paint the full picture.

Plaintiff had counsel in this case when she initially filed her lawsuit, and the $350 filing fee was paid at that time. Plaintiff's counsel did a substantial amount of work in this case and litigated Plaintiff's claim on her behalf until Plaintiff and her counsel reached an impasse as to how to proceed. Eventually, Plaintiff's counsel filed a Motion for Leave to Withdraw. After several hearings at which the Court heard from both Plaintiff and her counsel about the reason counsel felt he needed

**STATEMENT**

to withdraw, the Court granted the Motion to Withdraw as Attorney. [Dkt.#37]. In the Motion to Withdraw, counsel stated that Plaintiff strongly disagreed with counsel's recommendation as to how to prosecute her claim and that led counsel to move to withdraw from representing Plaintiff because of a breakdown in communication between attorney and client. [Dkt.#35.]

In *Pruitt*, the Seventh Circuit instructed that when making a decision whether to appoint counsel in a case, "the judge should review any information submitted in support of the request for counsel, as well as the pleadings, communications from and any contact with the plaintiff." 503 F.3d at 655. Given the specific circumstances of this case and based on the Court's observations of and interactions with Plaintiff, the Court in its discretion does not think it is appropriate to recruit other counsel for Plaintiff. As noted, Plaintiff initially had an attorney to represent her in this matter. The fact that Plaintiff reached an impasse with her former counsel does not mean that the Court must recruit another lawyer to represent her now that her former counsel has withdrawn.

Moreover, although Plaintiff's primary language is not English, she is able to communicate with the Court and the Court with her. Plaintiff is able to address the Court and make herself understood as she did in presenting the instant motion. When Plaintiff indicates that she is having difficulty understanding the proceedings, her husband, who has attended all court proceedings that Plaintiff has attended, interprets for her.

The Court does not believe that the difficulty of the case exceeds Plaintiff's capacity as a layperson to coherently present her views. This is a single count complaint alleging a hostile work environment in violation of the Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1). Plaintiff apparently has strong opinions about her claims and how to prosecute them. It is now her responsibility to do so without attorney representation unless she is able to find another attorney to represent her of her own accord.

Accordingly, the Motion for Attorney Representation is denied. The Application for Leave to Proceed In Forma Pauperis is denied without prejudice as it does not appear that Plaintiff will be required to pay any more filing or other fees. If Plaintiff is required to pay such fees in the future, Plaintiff can re-submit her Motion For Leave To Proceed In Forma Pauperis.

This case is set for status on 7/9/13 at 10:30 a.m. At that time, the Court intends to re-set the discovery schedule in this case so that the case moves forward toward resolution by trial, dispositive motion or settlement. In addition, for the reasons stated in the Court's Opinion dated 3/21/13, Plaintiff shall produce by 7/9/13, if she has not already done so, the documents relating to her worker's compensation claim and any injuries she allegedly suffered while working for Defendant on 6/4/11, which documents are sought by Defendant's Request for Production 17 [*See* Dkt.#34.] The Court also will address on 7/9/13 the matter of the production of certain documents produced by Defendant as Attorney's Eyes Only [*Id.*]

This matter has been referred to Magistrate Judge Gilbert for all pretrial matters. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party has 14 days to serve and file with the District Judge its objections, if any, to the Magistrate Judge's rulings. "A party may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a).

It is so ordered.